

**MEMORANDUM OPINION**

No. 04-09-00412-CV

**IN RE PATRICK JAMES HOLZER, JR.**
Original Mandamus Proceeding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:   July 29, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On July 8, 2009, Patrick Holzer filed a petition for writ of mandamus asserting his inmate

trust account had been erroneously debited. For the reasons stated below, the petition is denied.

On December 11, 2006, the trial court signed an order directing the Texas Department of

Criminal Justice to withdraw payments from Holzer's inmate trust account for payment towards

court costs, fees, and/or fines assessed against him in an underlying criminal proceeding.[2] Attached

---

[1]    This proceeding alleges error in withdrawals from an inmate trust account, which were pursuant to a trial court order in criminal proceedings 95-0059-CR and 00-0215-CR-A, styled *State of Texas v. Patrick Holzer*, in the 25th Judicial District Court, Guadalupe County, Texas.

[2]    On June 5, 2009, the Texas Supreme Court issued an opinion in which the Court held that "proceedings to withdraw funds from inmate trust accounts are civil in nature, not criminal . . . [and] appellate review should be by appeal, as in analogous civil post-judgment enforcement actions." *Harrell v. State*, No. 07-0806, 2009 WL 1567107, at *2-4 (Tex. June 5, 2009) (orig. proceeding). In this mandamus proceeding, Holzer does not complain about the trial court's December 11, 2006 order directing prison officials to withdraw money from his inmate trust account.

to Holzer's petition for writ of mandamus are two statements from his inmate trust account. The December 2006 statement indicates $85.00 was withdrawn from his account. The February 2007 statement indicates $20.00 was withdrawn from the account on February 12 and the same amount was credited to his account on February 28. In his petition, Holzer alleges he should be reimbursed the $85.00.

Holzer first argues he is entitled to reimbursement because "[o]n February 28, 2007 The Trial Court withdrew its Garnishment/and Amended Judgment." No such order is contained in the appendix to Holzer's petition, no such order is noted on the trial court's docket sheet, and the Guadalupe County District Clerk informed this court that no order was signed by the trial court on February 28, 2007. Therefore, because nothing indicates the trial court withdrew its December 11, 2006 order, Holzer has not shown he is entitled to the relief sought.

Holzer next argues he is entitled to reimbursement because he is not liable for the "collection fee" authorized by Texas Code of Criminal Procedure article 103.0031. Article 103.0031 authorizes the commissioners court of a county or the governing body of a municipality to "enter into a contract with a private attorney or a public or private vendor for the provision of collection services for . . . debts and accounts receivable such as unpaid fines, fees, court costs, forfeited bonds, and restitution . . . ." TEX. CODE. CRIM. P. ANN. art. 103.0031(a) (Vernon 2006). Under the appropriate circumstances, a "commissioners court or governing body of a municipality that enters into a contract with a private attorney or private vendor under this article may authorize the addition of a collection fee in the amount of 30 percent on each item described in Subsection (a) . . . ." *Id.* at art. 103.0031(b). However, a "defendant is not liable for the collection fees authorized under Subsection (b) if the court of original jurisdiction has determined the defendant is indigent, or has insufficient

resources or income, or is otherwise unable to pay all or part of the underlying fine or costs." *Id.* at art. 103.0031(d).

Nothing in the record indicates whether the $85.00 was withdrawn as payment of an article 103.0031(b) "collection fee" or as payment toward assessed court costs, fees, and/or fines pursuant to the trial court's December 11, 2006 order. The credit of $20.00 noted on the February 2007 statement is described only by the initials "SD," which the reverse side of the statement defines as "State Dismissal." No other explanation is provided for the credit. Therefore, on this record we cannot conclude the $85.00 was improperly withdrawn as an article 103.0031(b) "collection fee." Accordingly, Holzer has not shown he is entitled to the relief sought.[3]

## CONCLUSION

Because Holzer is not entitled to the relief sought in his petition for writ of mandamus, the petition is DENIED. TEX. R. APP. P. 52.8(a). Also on July 8, 2009, Holzer filed a Motion for Leave to File Writ of Mandamus. No leave is required to file a petition for writ of mandamus, therefore, we deny the motion for leave to file as moot.

Sandee Bryan Marion, Justice

---

[3] We also note that in July 2007, Holzer filed an application for writ of habeas corpus seeking similar relief in the trial court. The trial court denied the application on September 12, 2007 and no appeal was taken from that denial.